IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | I.D. No.: 2001015878 |
| | : | |
| | : | |
| CARLOS B. CHAVEZ-MENDEZ, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: 6/2/2020
Decided: 6/8/2020

John P. Daniello, Esq., 14 The Circle, 2nd Floor, Georgetown, DE 19947, Attorney for Defendant.

Michael H. Tipton, Esq., 114 E. Market Street, Georgetown, DE 19947, Deputy Attorney General Department of Justice, Georgetown, DE.

On January 26, 2020, Carlos B. Chavez-Mendez ("Defendant") was arrested for multiple counts of Possession of a Deadly Weapon During the Commission of a Felony, Assault Second Degree, Aggravated Menacing, Unlawful Imprisonment First Degree, Endangering the Welfare of a Child, and Malicious Interference with a Communication Device. Defendant waived his preliminary hearing on January 31, 2020. To date, no information or indictment has been filed. Defendant now moves for dismissal of all charges, arguing a violation of his right to a speedy trial and Superior Court Criminal Rule 48(b).[1]

---

[1] Superior Court Criminal Rule 48(b) provides:

The Court assesses speedy trial claims utilizing the four-pronged balancing test adopted by the United State Supreme Court in the seminal case *Barker v. Wingo*.[2] In *Barker*, the Court held that courts should assess four factors in determining whether a particular defendant has been deprived of the right to a speedy trial: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant.[3] These four factors "are related factors and must be considered together with such other circumstances as may be relevant."[4]

Defendant was arrested on January 26, 2020. To date, no information or indictment has been filed by the State.[5] "No specific length of delay automatically violates the right to a speedy trial; rather the length is 'dependent on the peculiar circumstances of the case.'"[6] Considering the circumstances, the Court finds that the delay is not attributable to the State. Here, the delay is attributable to the present State of Emergency and the closure of court facilities.[7] Such closure prevents the State from filing an information or indicting Defendant. Therefore, the Court finds the first two factors favor the State.

Concerning the third factor, Defendant has asserted his right to a speedy trial by filing the present motion to dismiss.

The fourth factor is prejudice to the Defendant. The Court finds no prejudice to the Defendant. Defendant's suffered anxiety is no worse than that suffered by other criminal

---

If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

[2] 407 U.S. at 530, 92 S.Ct. 2182.
[3] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) citing *Barker*, 407 U.S. at 530.
[4] *Barker*, 407 U.S. at 533.
[5] Defendant filed the motion to dismiss on May 21, 2020.
[6] *Dabney v. State*, 953 A.2d 159, 165 (Del. 2008) citing *Barker*, 407 U.S. at 530–31, 92 S.Ct. 2182.
[7] Administrative Order No. 6, In re: COVID-19 Precautionary Measures (Del. April 14, 2020).

defendants. Therefore, considering the *Barker* factors, the Court finds Defendant's speedy trial rights have not been violated.

Defendant has also alleged a violation of Superior Court Rule 48(b). To warrant dismissal under Rule 48(b), "there must be an 'unnecessary delay' that is attributable to the State and 'such delay must be established to have had a prejudicial effect upon defendant beyond that normally associated with a criminal justice system necessarily strained by a burgeoning case load.'"[8] "Such prejudice must be attributable to the prosecution and must have prejudiced the Defendant in some measurable way."[9]

Defendant has failed to demonstrate an unnecessary delay attributable to the State. As this Court already discussed, the delay is attributable to the State of Emergency and court closures. Furthermore, the Court does not find that Defendant was prejudiced beyond that normally associated with the criminal justice system.[10] Defendant has not demonstrated any loss of evidence and his anxiety is no worse than any other defendant's in the criminal justice system. Defendant has failed to show unnecessary delay attributable to the State, or any measurable prejudice to the Defendant beyond that of an ordinary party to the criminal justice system. Therefore, dismissal pursuant to Superior Court Criminal Rule 48(b) is not warranted.

Considering the foregoing, Defendant's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

---

[8] *State v. MacDonough*, 2018 WL 501429, at *4 (Del. Super. Ct. Jan. 12, 2018).
[9] *Id*.
[10] *See Id.*